# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL ROGER WEGER,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>    Respondent. | Case No.  1:15-cv-01396-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 7).

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to

1

amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

On September 11, 2015, Petitioner filed the instant petition for writ of habeas corpus challenging his 2012 conviction in Merced County Superior Court for burglary and grand theft. Petitioner argues that his rights to privacy and unlawful seizure under the Fourth Amendment were violated when his ex-girlfriend secretly recorded him and took the recordings to the police without a warrant. (ECF No. 1 at 6).[1] He argues that the trial court erroneously denied his motion to suppress illegally obtained recordings. (ECF No. 1 at 6). Petitioner also argues that his rights under the California Privacy Act were violated when his ex-girlfriend and police secretly recorded him and the recordings should have been excluded by the trial court under Section 632(d) of the California Penal Code. (ECF No. 1 at 7).

Petitioner's claim that the recording of the conversation violated his right under the California Privacy Act provides no basis for habeas corpus relief. Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law. See Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084–85 (9th Cir. 1985). Whatever rights are created by the California Privacy Act are state statutory rights only and, as such, are not cognizable on federal habeas review, which addresses claims based on violations of federal constitutional rights. See 28 U.S.C. § 2254(a).

Petitioner's claim that the trial court erroneously denied his motion to suppress in violation of the Fourth Amendment is not a cognizable claim for federal habeas relief. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976); see Woolery v. Arave, 8 F.3d 1325, 1328 (9th Cir. 1993) ("We read Stone as a categorical limitation on the applicability of fourth amendment exclusionary rules in habeas corpus proceedings." (citations omitted)). The

---

[1] Page numbers refer to ECF page numbers that are stamped at top right of the page.

only inquiry this Court can make is whether Petitioner had a fair opportunity to litigate his claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did, in fact, do so, or even whether the claim was correctly decided." (citations omitted)); Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994) ("[Petitioner's argument goes not to the fullness and fairness of his opportunity to litigate the claim, but to the correctness of the state court resolution, an issue which Stone v. Powell makes irrelevant." (citation omitted)).

The policy behind Stone's holding is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement. Stone, 428 U.S. at 492. However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. Id. at 489-90; Woolery, 8 F.3d at 1327-28. Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.

In this case, Petitioner's Fourth Amendment claim was litigated through a suppression motion in Merced County Superior Court. (ECF No. 1 at 2). Petitioner then argued in the California Court of Appeal that the trial court erroneously denied his motion to suppress. (ECF No. 1 at 2).

The Court finds that the state court provided Petitioner with a "full and fair opportunity to litigate" his Fourth Amendment claim. Stone, 428 U.S. at 494; Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990) (holding that motion pursuant to California Penal Code Section 1538.5 provided opportunity in state court for "full and fair litigation" of Fourth Amendment claim (quoting Stone, 482 U.S. at 481-82)). Therefore, the Court finds Petitioner is foreclosed from habeas relief on his Fourth Amendment claim. Accordingly, as both of Petitioner's claims do not state cognizable claims for federal habeas relief, the petition must be dismissed.

## II.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the present case, the Court finds that reasonable jurists would not find the Court's

determination that Petitioner's federal habeas corpus petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further.  Therefore, the Court declines to issue a certificate of appealability.

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court is DIRECTED to close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 30, 2015**

UNITED STATES MAGISTRATE JUDGE